IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 34650-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MARK COLLIN JACOBS, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, J. — Mark Collin Jacobs appeals his conviction for failure to register as a sex offender, arguing that the trial court erred in concluding that he violated the statutory requirement that a sex offender who ceases to have a "fixed residence" must notify the sheriff of his county of registration within three days. He contends that the trial court's error was in applying RCW 9A.44.128(5)'s definition of "fixed residence" before its effective date. He argues that his abode qualified under a broader judicial construction of "fixed residence" that controlled before the legislative change.

Mr. Jacobs is mistaken. The legislative definition was in effect at the time of his violation. We affirm.

FACTS AND PROCEDURAL BACKGROUND

Mark Collin Jacobs, a convicted sex offender, was charged with one count of failure to register after Detective Brad Martin could not locate Mr. Jacobs at his registered address—2102 South Third Avenue, Unit #2, Union Gap (the "Third Avenue address")—when conducting a routine verification check in April 2015.

At his bench trial, Mr. Jacobs testified that months before Detective Martin's routine check he moved into a trailer at the Third Avenue address with a woman named Kristen. He registered the address with the Yakima County sheriff as required sometime before December 2014.

According to Mr. Jacobs, he went camping with his son on December 2, 2014, and when he returned to the trailer late in the afternoon on December 3, the trailer had been emptied and "[e]verything [he] owned was gone." Report of Proceedings (RP)[1] at 131. He testified he believed his only option was to stay where he was registered, so he moved into a shed located behind the trailer.

Mr. Jacobs claimed he continued receiving mail at the Third Avenue address and did not move out of the shed until sometime in April 2015, when he moved in with a

---

[1] All references are to the verbatim report of the proceedings taking place on June 6 and 7, 2016.

2

friend and registered his friend's address. Mr. Jacobs admitted that he was never given permission to live in the shed at the Third Avenue address and never paid rent.

Mr. Jacobs's testimony was supported by two witnesses who claimed to have visited or seen him at the shed at the Third Avenue address in and before April 2015. The State presented conflicting evidence from a resident of a trailer adjacent to the Third Avenue address. The State's witness testified that he had done repair work on the trailer at the Third Avenue address during the time Mr. Jacobs claimed to reside in the shed and never heard a sound coming from the shed. He also testified that the shed had no insulation or heat.

At the conclusion of the evidence, the trial court found that Mr. Jacobs did live in the shed "from the time Kristen moved out of the trailer home in December of 2014, and was continuing to live in the shed on April 12, 2015," and "intended to stay in the shed . . . because he wanted to be where law enforcement could expect to find him." Clerk's Papers (CP) at 10. But it also found that Mr. Jacobs "had no permission to live in the shed . . . and was not paying rent." CP at 11. From that, the court concluded that the shed did not meet the definition of "fixed residence" under RCW 9A.44.128(5) because while "habitually used as a residence, it was not lawfully used as a residence." CP at 11. Mr. Jacobs had therefore violated the requirement that he notify the Yakima County sheriff within three days of losing his lawful residence at the trailer. *See* RCW 9A.44.130(6)(a).

The trial court sentenced Mr. Jacobs to 26 months' confinement. He appeals.

ANALYSIS

Mr. Jacobs makes only one argument on appeal: he argues that the effective date of the statutory definition of "fixed residence" was July 24, 2015. Because the charging period for his failure to register was between December 1, 2014 and April 13, 2015, he argues the statutory definition did not apply. The trial court acknowledged that under the broader judicial construction of "fixed residence" that controlled before the legislative change, "I would have to find him not guilty." RP at 150 (citing *State v. Stratton*, 130 Wn. App. 760, 124 P.2d 660 (2005) (following a default in purchasing a home, a sex offender began living out of his car in the driveway and was found to continue to have a "fixed residence" (a term then undefined by statute) at that location).

Mr. Jacobs is mistaken about the date of the legislative change. The legislature adopted the definition of "fixed residence" during the 2011 Regular Session and it became effective on July 22, 2011. LAWS OF 2011, ch. 337, § 2.[2] The definition provides in relevant part that a "fixed residence" means a building that a person "*lawfully* and habitually uses as living quarters a majority of the week." RCW 9A.44.128(5) (emphasis added).

---

[2] Different paragraphs of RCW 9A.44.128 were amended by LAWS OF 2015, ch. 261, § 2, effective July 24, 2015.

No. 34650-1-III
*State v. Jacobs*

The conviction is affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Siddoway, J.

WE CONCUR:

_____
Korsmo, J.

_____
Lawrence-Berrey, A.C.J.

5